In the United States District Court
For the Western District of North Carolina
Charlotte Division
Case No.                    3:18 cv 314

Jennifer Ann Jasmaine,
          Plaintiff,

vs.

North Carolina Prison Legal
Services, Inc.
          Defendants.

---

I. Have you begun other lawsuits in Federal court dealing with the same facts involved in this Action?
Yes ___  no X

II. Did you present the facts relating to your complaint to the state inmate grievance procedure: Yes X No ___
If your answer is yes, what steps did you take?
The North Carolina prison Legal services has it's own grievance form. The plaintiff, Ms. Jasmaine sent two grievances to the Executive Director, N.C.P.L.S.

no response was ever sent in response to eather grievance.

What was the results? Their was no response ever sent on the two grievances I filed. The plaintiff, Ms. Jasmaine "deem" the claim denied under 28 U.S.C. 2675(a). She files this suit under the "deeming provision" of the FTCA, states that she meet the exhaustion requirement because this agency didn't respond to her administrative complaint within six months.

## VERIFIED STATEMENT

Ms. Jasmaine has been advised of the reqirements regarding exhaustion of administrative remedies and ~~and~~ now submit this verified statement. (Choose the box that applies to your action)

_____ There are no grievance procedures correctional facility at which I am being confined.

_____ This cause of action arose at and I am now being housed at therefore

I do not believe I have Adminstrative remedies relating to this complaint at this time.

__X__ Ms. Jasmaine has exhausted her administrative remedies related to this complaint.

III. Parties — In item (A) below, place your name in the first blank and your present address in the second blank. Do the same for additional plaintiff. Note: All plaintiff listed in this section.

A. Name of Plaintiff: Jennifer Ann Jasmaine
Name and address of present Facility:
Lanesboro Corr. Inst., P.O. Box 280
Polkton, N.C. 28135

IV. In item (B) below, Place the full name of defendants in the first blank, his/her offical position in the second blank and his/her place of employment in the third blank. Note: All defendants listed in this caption on the first page should be listed in this section

B. Defendant: North Carolina Prisoner Legal Services, Inc. (NCPLS)

Position: Executive Director

employed at: NCPLS

address: P.O. Box 25397, Raleigh, N.C. 27611

Capacity in which defendant is being sued
Individual ☐ Official ☐ BOTH ☒

V. Statement of claim — state here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates and places. If you wish to allege a number of related claims, number set forth each claim in a separate paragraph.

HOW EACH Defendant IS INVOLVED

1. The N.C.P.L.S. was put in place to replace The Law Library. Yet, since 2005, N.C.P.L.S.

5.

says that funds have ~~reduced~~ been reduced, so now they won't look up any cases or do any legal research.

2. They, N.C.P.L.S, is being payed for a service that they refuse to offer. Their is no legal books or material avalable in any state correction library.

3. This makes it impossible for inmated to litigate their case through the courts.

## Access to a Law Library

1. Denial of access to a Law Library or N.C.P.L.S. Denial of any help on civil cases violated the plaintiff, Ms. Jasmaine's Due process

2. A Law library should have the books that prisoners are likly to need. The lower courts have established some guidelines as to what books should be in the library.

Books that should be available in Law Libraries:
- Relevant state and Federal statutes
- State and Federal law reporters from the past few decades
- Shepards citations
- Basic treatises on habeas corpus, prisoners' civil rights, and criminal Law

3. This Lack of a Law Library or the equivilent From N.C.P.L.S. has hurt the plaintiffs, Ms. Jasmaine non-frivolous lawsuit. She has no way of litigating her case. When the defendants quote cases she has no way of looking up these cases and giving a adiquate response. This makes research very hard, without additional measures, such systems violate a prisoner's right to access to the courts

4. The plaintiff, Ms. Jasmaine has a fundamental constitutional right to use the court system. This right is based on the First, Fifth and

7

Fourteenth Amendment to the Constitution Under the First Amendment, she has the right to petition the government for a redress of grievances, and under the Fifth and Fourteenth Amendments, she has a right to due process of law.

5. The Supreme Court established that prisoners have a fundamental right to access the courts in a series of cases, Ex parte Hull, 312 U.S. 546 (1941); Johnson v. Avery, 383 U.S. 483 (1969); Bounds v. Smith, 430 U.S. 817 (1977)

6. This right allows the plaintiff, Ms. Jasmaine to file a Section 1983 or Bivens claim, habeas petitions, or to work on her criminal case.

7. The right is so fundamental that it requires a prison to fund a way for her to have meaningful access to the court. They can give her access to a decent law library or they can hire people to help her with her case,

which North Carolina did - N.C.P.L.S. But they refuse to provide the service they are being payed to do.

8. The plaintiff, Ms. Jasmaine has actual injury, the prison policy stopped her from being able to assert her nonfrivolous claim. With no law library and the N.C.P.L.S. refusing any civil cases, no longer do they look up cases or do research. Benjamin v. Kerik, 102 F. Supp. 2d 157 (S.D.N.Y. 2000), the court found actual injury when a prisoner could not locate cases cited by defendants in the prison law library, and thus could not fully respond to his adversary's motion.

## VI.  Legal Claims

1. The Plaintiff, Ms. Jasmaine reallege and incorporate by reference paragraphs 1-3, 1-8

2. The Plaintiff, Ms. Jasmaine is being denied access to a law library or any help from

N.C.P.L.S. even though they were put in place to replace the law library. This violated the plaintiff, Ms. Jasmaine's rights constituted a violation of the First, Fifth and Fourteenth Amendment, violation of due process of Law Amendments to the United States Constitution.

3. The plaintiff, Ms. Jasmaine has no plain, adequate or complete remedy at law to redress the wrongs described herein. The Plaintiff, Ms. Jasmaine has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants the declaratory and injunctive relief which the plaintiff, Ms. Jasmaine seeks

VII. PRAYER FOR RELIEF

WHEREFORE, the plaintiff, Ms. Jasmaine respectfully prays that this court enters judgement granting the plaintiff, Ms. Jasmaine:

1. A declaration that the acts and omissions descibed herein violated the plaintiff, Ms. Jasmaine's rights under the Constitution and laws of

10.

The United States.

2. A preliminary and permanent injunction ordering defendants N.C.P.L.S. to stop denying ~~density~~ legal research and start doing looking up cased to help inmate with his/her Legal work

3. Send a memo to all N.C. prisons indicating the new changes

4. Compensatory damages in the amount of $75,000.00 against each defendant jointly and severally

5. Punitive damages in the amount of: $250,000.00 against each defendant.

6. A jury trial on all issues triable by a jury.

7. The Plaintiff's cost in this suit reimbursted

8. Any additional relief this court deems just

proper, and equitable.

Date: 6-11-2018

Respectfully Submitted,

Jennifer Ann Jasmaine
Jennifer Ann Jasmaine 1426625
Lanesboro Corr. Inst.
P.O. Box 280
Polkton, N.C. 28135

## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true except as to matters alleged on information and belief, and, as to those I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct

Executed at Polkton, N.C. on 6-11-2018

Jennifer Ann Jasmaine, Jennifer Ann Jasmaine