# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:18-cv-314-FDW

| | |
|---|---|
| **DUANE L. FOX,** *also known as* **JENNIFER ANN JASMAINE,** )<br>)<br>) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| **NORTH CAROLINA PRISONER LEGAL SERVICES,** )<br>) | |
| ) | |
| **Defendant.** ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983. (Doc. No. 1). Also pending is Plaintiff's application to proceed in forma pauperis, (Doc. No. 2), as well as Plaintiff's Motion to Appoint Counsel, (Doc. No. 4).

## I. BACKGROUND

Pro se Plaintiff Duane Fox, also known as Jennifer Ann Jasmaine, a North Carolina inmate currently incarcerated at Lanesboro Correctional Institution in Polkton, North Carolina, filed this action on June 18, 2018, naming North Carolina Prisoner Legal Services ("NCPLS") as the sole Defendant. Citing the First, Fifth, and Fourteenth Amendments, Plaintiff alleges that her due process right and her right to access to the courts have been violated because she has no access to a law library and NCDPS has refused to represent her. (Doc. No. 1 at 9).

## II. STANDARD OF REVIEW

The Court first finds that it will grant Plaintiff's application to proceed in forma pauperis. Although the Court has not yet ordered Plaintiff's prison trust account statement in this action,

1

Plaintiff's trust account statement has been filed in another pending action in this Court, and the Court finds that Plaintiff is entitled to proceed in forma pauperis. See Fox v. Kinlinsky, 5:18cv78, Doc. Nos. 10, 11 (W.D.N.C., filed May 7, 2018, in forma pauperis status granted May 24, 2018). Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

### III. DISCUSSION

The Court will dismiss this action because Plaintiff fails to state a claim for a due process or any other constitutional violation against Defendant. NCPLS is a non-profit, legal services program that provides limited civil representation to North Carolina inmates. See Smith v. Bounds, 657 F. Supp. 1327, 1328 n.1 (E.D.N.C. 1986), aff'd, 813 F.2d 1299 (4th Cir. 1987). Attorneys with NCPLS are at liberty to use their professional judgment to determine whether to accept representation in a case. The Supreme Court stated in Bounds v. Smith, 430 U.S. 817 (1977), that prisoners must have meaningful access to the courts. The "meaningful access" referred to in Bounds does not, however, entitle a plaintiff to total or unlimited access. See High v. Hamden, No. 03-7832 (E.D.N.C. Dec. 2, 2003), aff'd, 88 Fed. Appx. 604 (4th Cir. Feb. 23, 2004); Moore v. Gray, No. 5:04-CT-918-FL, 2005 WL 3448047, at *1 (E.D.N.C. Jan. 26, 2005), aff'd, 133 F. App'x 913 (4th Cir. 2005) (unpublished).

Furthermore, to succeed on a denial of access to courts claim, the inmate must "demonstrate that the alleged shortcomings in the [prison] library or legal assistance program

hindered his efforts to pursue a legal claim." Lewis v. Casey, 518 U.S. 343, 351 (1996). For example, meaningful access to courts is denied when an inmate is not permitted to prepare a petition or complaint. See Wrenn v. Freeman, 894 F. Supp. 244, 248 (E.D.N.C. 1995) (citing Wolff v. McDonnell, 418 U.S. 539, 576 (1974)). This Court's docket shows that Plaintiff has recently filed at least two Section 1983 actions in this Court aside from this one, and those two actions are pending. See Fox v. Lizinbee, 3:18cv201 (W.D.N.C., filed Apr. 20, 2018) (asserting claims of religious discrimination against various defendants); Fox v. Kinlinsky, 5:18cv78 (W.D.N.C., filed May 7, 2018) (asserting various claims, including deliberate indifference to serious medical needs, against numerous defendants). Plaintiff's own filings in this Court demonstrate that, notwithstanding the lack of access to a law library and the lack of assistance from NCPLS, Plaintiff was still able to draft and file two legal actions in this Court. Thus, Plaintiff has not been denied meaningful access to the courts.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's action is dismissed for failure to state a claim.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No. 2), is **GRANTED**.

2. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED** on initial screening for failure to state a claim.

3. Plaintiff's Motion to Appoint Counsel, (Doc. No. 4), is **DENIED**.

4. The Clerk is directed to terminate this action.

Signed: June 20, 2018

Frank D. Whitney
Chief United States District Judge